UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES HARTLEY,

                        Petitioner,
    v.                                                    9:25-CV-0642
                                                         (BKS/DJS)
PETER KUSMINSKY,

                        Respondent.
_____

APPEARANCES:                                      OF COUNSEL:

JAMES HARTLEY
Petitioner, pro se
5010
Greene County Jail
45 Haverly Memorial Drive
Coxsackie, New York 12051

BRENDA K. SANNES
Chief United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

Petitioner seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2241.  Dkt. No. 1, Petition ("Pet.").

On May 21, 2025, the case was administratively closed due to petitioner's failure to properly commence it.  Dkt. No. 3, Administrative Order.  Petitioner was given thirty (30) days to either (1) pay the statutory filing fee or (2) submit a properly certified application to proceed in forma pauperis ("IFP").  *Id.* at 2.[1]  Petitioner remitted the statutory filing fee, and the action was restored to the Court's active docket, permitting the undersigned to conduct an initial

---

[1] The statutory filing fee for a federal habeas corpus action is $5.00.  28 U.S.C. § 1914(a).

1

review of the pleading.  Dkt. Entry dated 07/02/25 (memorializing the receipt information for the filing fee transaction); Dkt. No. 5, Text Order (reopening the case).

**II.     THE PETITION**

The present petition indicates that petitioner has been in pretrial detention, in state custody, related to charges which occurred on December 27 and 29, 2021, in Greene County.  Pet. at 1.  Petitioner was arrested and arraigned on December 29, 2021.  Pet. at 3.  Petitioner had a subsequent court appearance on January 4, 2022.  Pet. at 5.

Petitioner contends that, on January 5, 2022, after stating his intention not to sign a waiver of speedy trial time, he later signed a blank waiver form that was provided to him by an attorney, Michael Howard, who was meeting with petitioner but was, allegedly, not assigned to represent him.  Pet. at 6.  In April of 2022, petitioner received some discovery material from Howard, who had since apparently been appointed to represent petitioner in some capacity.  Pet. at 7.  In or around July of 2022, petitioner began requesting that Howard make a motion to dismiss his criminal charges because his speedy trial rights had been violated.  *Id.*  On November 10, 2022, petitioner received a letter from Howard, which included a copy of the formerly blank, signed speedy trial waiver, and the speedy trial waiver was now complete and included relevant information on petitioner's pending criminal charges.  *Id.*  Petitioner was informed that Howard was trying to resolve the matter by the New Year.  *Id.*  It is unclear whether a speedy trial motion was filed by Howard at that time or anytime thereafter.

The following spring, petitioner began talking with another attorney, Steve Coffey, and considered engaging him for representation.  Pet. at 8.  Ultimately, petitioner claims he never retained Coffey's law firm; however, attorneys from that firm began appearing on petitioner's behalf during his state court criminal proceeding on September 20, 2023.  Pet. at 8.  After that

court proceeding, petitioner called Howard's office and was informed that Howard was no longer representing petitioner since Steve Coffey was now his attorney. Pet. at 9. Petitioner then began reaching out to Coffey, who did not answer his calls until March 13, 2024, when he informed petitioner that he needed to enter a plea to 15 years or else petitioner would undoubtedly be sentenced to 85 years to life after a trial. *Id.*

On November 13, 2024, petitioner appeared in county court for a Huntly hearing and was informed that his trial was set to begin on February 17, 2025. Pet. at 9. On January 13, 2025, petitioner fired Coffey as his attorney. Pet. at 10. On or about January 23, 2025, the county court appointed a new attorney, Kurt Haas, to represent petitioner. *Id.* Petitioner contends that Haas was unwilling to share discovery with him or zealously advocate on his behalf. *Id.* Petitioner requested ballistics testing, which was refused because the court felt that petitioner was only attempting to delay his trial. *Id.* Petitioner also claims that he was "refused . . . everything and denied speedy trial." *Id.* Petitioner has expressed his desire to take a 15-year plea; however, no one will honor that deal. *Id.*

Petitioner argues that he is entitled to federal habeas relief because (1) the circumstances surrounding his arraignment violated his due process rights; (2) any use of the speedy trial waiver violates his constitutional rights; (3) the prosecution attempted to coerce petitioner into pleading guilty and denied his right to counsel and bail, in violation of his Eighth Amendment rights; and (4) the environment in which petitioner is currently confined is intended to pressure him to plead guilty since "[n]o one will help [him.]" Pet. at 11-12. Petitioner asks this Court to order his release from custody, withdraw the indictment, and dismiss all criminal charges lodged against him. Pet. at 12.

### III. DISCUSSION

#### A. *Younger* doctrine

Petitioner seeks immediate release and to have his criminal proceedings terminated. Essentially, petitioner asks this Court to intervene in a pending criminal matter, by ordering petitioner's release from custody and dismissing the state criminal prosecution which petitioner contends is unlawful and unsupported.

"Under *Younger v. Harris*, 401 U.S. 37 (1971), a federal district court must abstain from adjudicating claims seeking to dismiss or enjoin pending state criminal proceedings." *Griffin v. Warden of Otis Bantum Corr. Ctr.*, No. 1:20-CV-1707, 2020 WL 1158070, at *2 (S.D.N.Y. Mar. 10, 2020). Accordingly, with respect to claims that involve his pending state criminal proceedings, this Court must abstain.[2]

Petitioner cannot use a federal habeas action to attempt to circumvent the state criminal trial process. "If [petitioner] wishes to litigate the claims raised in this [petition] or raise objections to the ongoing criminal proceedings, he should file the appropriate motion in the criminal action." *Thomas v. Ramos*, No. 1:20-CV-3422, 2020 WL 2192716, at *2 (S.D.N.Y. May 5, 2020). Furthermore, "if [petitioner] is not satisfied with the result, he may raise the issue on direct appeal," or in a proper habeas petition thereafter. *Id.*[3]

#### B. Exhaustion

Petitioner also intimates that his pretrial detention has continued too long and constitutes a federal constitutional violation. This claim and prayer for relief is at least

---

[2] While the Second Circuit has noted that under certain "unusual circumstance[s]" exceptions to the *Younger* doctrine may apply, *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002), no such circumstances have been argued or otherwise presented here.

[3] While the *Ramos* case involved a petitioner seeking the federal court's involvement, via a federal habeas corpus petition, in a pending federal criminal matter, the undersigned can think of no reason why the same logic would not apply when the petitioner is seeking a federal court's involvement, via a habeas petition, in a pending state criminal matter.

presently available to petitioner; however, any such claim still appears premature. Regardless of whether petitioner makes those challenges right now, as a pretrial detainee, or later, in the event he becomes a convicted state inmate, he would still have to exhaust his challenges in state court.  *See Blanchard v. New York*, No. 9:18-CV-0448 (GTS/CFH), 2018 WL 2324054, at *2-*3 (N.D.N.Y. May 22, 2018) (concluding that failure to exhaust under either § 2254 or § 2241 renders the petition premature); *Harrison v. Wolcott*, No. 6:20-CV-6270, 2020 WL 3000389, at *2 (W.D.N.Y. June 4, 2020) (explaining the differences between exhaustion of a § 2254 petition and a § 2241 petition and concluding that exhaustion is required in both instances).

Here, petitioner indicates that he has not filed any sort of action seeking to challenge the violations he has purported.  Pet. at 2.  Petitioner does make a passing reference to a speedy trial motion being denied, along with his request for ballistics testing; however, petitioner has not provided any specific information about when that motion was initiated or if its denial was appealed.  The undersigned is mindful that "a petitioner may not attempt to litigate constitutional defenses prematurely in federal court." *Blanchard*, 2018 WL 2324054, at *5 (citing cases).

In sum, petitioner does not allege that he has filed a state habeas petition or otherwise fully exhausted his available state court remedies before filing the instant petition. Accordingly, to the extent the petition could be liberally construed to include additional claims outside of a direct challenge to the pending state court criminal charges, the petition is dismissed without prejudice as premature and unexhausted.  Petitioner may re-file any claims, not related to dismissal of his pending state prosecution, once petitioner's claims have been fully exhausted and the state court proceedings have concluded.

**IV.    CONCLUSION**

**WHEREFORE**, it is

**ORDERED** that the Petition, Dkt. No. 1, is **DISMISSED WITHOUT PREJUDICE** as premature; and it is further

**ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules.

Dated:  July 22, 2025

Brenda K. Sannes
Chief U.S. District Judge